## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Brevity Ventures Inc.,[1] | Case No. 14-11468 (MFW) |
| Debtor. | **Re: D.I. 76 and 83** |

## ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363, FED. R. BANKR. P. 2002 AND 6004, AND DEL. BANKR. L.R. 2002-1, 6004-1 AND 9006-1(b) (A) APPROVING AND AUTHORIZING THE SALE OF SUBSTANTIALLY ALL THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES AND (B) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] [D.I. 76] of Brevity Ventures Inc. (the "Debtor" or the "Seller"), as debtor and debtor-in-possession in the above-captioned case, for Entry of an order (a) Approving and Authorizing the Sale of Substantially All the Debtor's Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (b) Granting Related Relief, pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1, 6004-1 and 9006-1(b) of the Local Bankruptcy Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and the Debtor's Supplement to the Motion [D.I. 83]; and a hearing having been held (the "Sale Hearing"); and this Court having reviewed the Motion and the exhibits thereto, the Supplement, and the arguments of counsel made and the evidence proffered or adduced, as applicable, at the Sale Hearing; and this Court having determined that the legal and

---

[1] The Debtor in this Chapter 11 Case and the last four digits of the Debtor's federal tax identification number are: Brevity Ventures Inc. (1327). The location of the Debtor's headquarters and the service address is 3500 West Olive Avenue, Ste. 300, Burbank, CA 91505.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted herein; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found the form and manner of notice of the Sale Hearing is good, sufficient and appropriate under the circumstances and that no other or further notice need be provided or is necessary; and after due deliberation and sufficient cause appearing therefor, it is hereby

FOUND, CONCLUDED AND DETERMINED THAT:

## I.  Jurisdiction, Final Order and Statutory Predicates

A.  The Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a) and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O). Venue is proper in this District and in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.  This Order constitutes a final and appealable Order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rule 6004(h), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein.

C.  The statutory predicates for the relief requested in the Motion are sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002 and 6004, and Local Rules 2002-1, 6004-1 and 9006-1.

D.      On August 4, 2014, this Court entered that certain  Order (A) Approving Bidding Procedures in Connection with the Sale of Substantially All of the Debtor's Assets, (B) Scheduling Auction and Hearing to Consider Approval of Sale, (C) Approving Form and Manner of Notice of the Sale Hearing, and (D) Granting Related Relief (the "Bidding Procedures Order") [D.I. 50].

E.      The findings of fact and conclusions of law set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

F.      To the extent any of the following findings of fact constitute conclusions of law, they are hereby adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are hereby adopted as such. Any findings of fact or conclusions of law stated by the Court on the record at the Sale Hearing are hereby incorporated, to the extent they are not inconsistent herewith.

G.      In the absence of a stay pending appeal, AllDigital Holdings, Inc. (the "Purchaser") will be acting in good faith pursuant to section 363(m) of the Bankruptcy Code in closing the transaction contemplated by the Final APA (defined below) at any time on or after entry of this Order, and cause has been shown as to why this Order should not be subject to the stay provided by Bankruptcy Rule 6004(h).

## II.    Notice of the Sale and Auction

H.      Actual written notice of the Sale Hearing, the Auction, the Motion, and the Sale, and a reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all known interested persons and entities, including, but not limited to the following parties (the "Notice Parties"): (i) the Office of

the United States Trustee for the District of Delaware; (ii) the Attorney General for the State of Delaware; (iii) any taxing authorities having jurisdiction over the Assets, including the Internal Revenue Service; (iv) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002; (v) any parties who have expressed a written interest in the Assets; (vi) parties who are known or reasonably believed to have asserted any lien, encumbrance, claim or other interest in the Assets, and (vii) all governmental agencies that are interested parties with respect to the Sale and transactions proposed thereunder.

I.      The Debtor has articulated good and sufficient reasons for the Court to grant the relief requested in the Motion regarding the Sale, including, without limitation: (i) approval of the Bidding Procedures and (ii) approval and authorization to serve the Sale Notice. The Debtor's Sale Notice provided all interested parties with timely and proper notice of the Sale, Sale Hearing, and Auction.

J.      Proper, timely, adequate, and sufficient notice of the Motion, Auction, Sale Hearing, and Sale has been provided in accordance with sections 102(1) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 9014. The Debtor also has complied with all obligations to provide notice of the Auction, Sale Hearing, and Sale required by the Bidding Procedures Order. The notices described above were good, sufficient and appropriate under the circumstances, and no other or further notice of the Motion, Auction, Sale Hearing, or Sale is required.

### III.    Good Faith of the Purchaser

K.      The Purchaser is not an insider of the Debtor, within the meaning of Bankruptcy Code section 101(31), and is purchasing the Assets in good faith and is a

4

good faith buyer within the meaning of section 363(m) of the Bankruptcy Code, and is therefore entitled to the full protection of that provision, and otherwise has proceeded in good faith in all respects in connection with this proceeding in that, among other things: (a) the Purchaser recognized that the Debtor was free to deal with any other party interested in acquiring the Assets; (b) the Purchaser complied with the provisions in the Bidding Procedures Order; (c) the Purchaser agreed to subject its bid to the competitive bidding procedures (the "Bidding Procedures") set forth in the Bidding Procedures Order; (d) the Purchaser in no way induced or caused the chapter 11 filing of the Debtor; (e) all payments to be made by the Purchaser and other agreements or arrangements entered into by the Purchaser in connection with the Sale have been disclosed; (f) the Purchaser has not violated section 363(n) of the Bankruptcy Code by any action or inaction; (g) the Debtor took effective steps to ensure the fairness and integrity of the sale process; and (h) the negotiation and execution of the final purchase agreement ("Final APA," which is attached hereto as Exhibit A and which incorporates modifications made since the filing of the Motion) and any other agreements or instruments related thereto were at arms' length and in good faith.

## IV.    Highest or Best Offer

L.    The Debtor solicited offers to acquire the Assets from a wide variety of parties and extensively marketed the Assets. In doing so, the Debtor afforded potential bidders due diligence access to provide any such potential bidders an opportunity to submit a Qualified Bid.

M.     The Bidding Procedures were appropriate and necessary in order to maximize value of the Assets and provided proper procedures for the qualifications of competing bidders and the determination of the highest and best bidder.

N.     The Final APA constitutes the highest or otherwise best offer for the Assets, and will provide a greater recovery for the Debtor's estate than would be provided by any other available alternative.  The Debtor's determination that the Final APA constitutes the highest or otherwise best offer for the Assets was a reasonable exercise of the Debtor's business judgment.

O.     The Final APA represents a fair and reasonable offer to purchase the Assets under the circumstances of this chapter 11 case.  No other person or entity or group of entities has offered to purchase the Assets for greater economic value to the Debtor's estate than the Purchaser.

P.     Approval of the Motion and the Final APA, and the consummation of the Sale, is in the best interests of the Debtor, its creditors, its estate, and other parties in interest.

Q.     The Debtor has demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the Sale outside of a plan of reorganization.

**V.     No Fraudulent Transfer**

R.     The consideration provided by the Purchaser pursuant to the Final APA is fair and adequate and constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

6

## VI.    Validity of Transfer

S.    The Debtor has full corporate power and authority to execute and deliver the Final APA and all other documents contemplated thereby, and no further consents or approvals are required for the Debtor to consummate the Sale, except as otherwise set forth in the Final APA.

T.    The transfer of the Assets to the Purchaser will be as of the Closing Date a legal, valid, and effective transfer of the Assets, and vests or will vest the Purchaser with all right, title, and interest of the Debtor to the Assets free and clear of all liens and Claims (as defined below) (collectively, "Liens") accruing, arising or relating to any time prior to the Closing Date.

## VII.    Section 363(f) Is Satisfied

U.    The Purchaser would not have entered into the Final APA and would not consummate the Sale if the sale of the Assets to the Purchaser was not free and clear of all Liens and Claims (as defined below) of any kind or nature whatsoever, or if the Purchaser would, or in the future could be liable for any of such Liens or Claims (as defined below), including, but not limited to, Liens or Claims (as defined below) in respect of the following: (1) all mortgages, deeds of trust and security interests; (2) any tax statutes or ordinances, including, without limitation, the Internal Revenue Code of 1986, as amended; (3) any environmental laws; and (4) any theories of successor liability.

V.    The Debtor may sell the Assets free and clear of all Liens and Claims (as defined below) against the Debtor, its estate, or the Assets because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Those holders of Liens or Claims (as defined below) against the Debtor, its

estate or the Assets who did not object, or who withdrew their objections, to the Sale or the Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of such Liens or Claims who did object fall within one or more of the other subsections of section 363(f) and are adequately protected by having their Liens and/or Claims (as defined below), if any, in each instance against the Debtor, its estate or the Assets, attach to the cash proceeds of the Sale ultimately attributable to the Assets in which such creditor alleges an interest, in the same order of priority, with the same validity, force and effect that such creditor had prior to the Sale, subject to any claims and defenses the Debtor and its estate may possess with respect thereto.

**VIII.   Compelling Circumstances for an Immediate Sale**

W.    To prevent the further incurrence of administrative expenses borne by the Debtor and to maximize the amount of value available for creditors, it is essential that the Sale of the Assets occur within the time constraints set forth in the Final APA. Time is of the essence in consummating the Sale.

X.    Given all of the circumstances of this chapter 11 case and the adequacy and fair value of the purchase price under the Final APA, the proposed Sale of the Assets to the Purchaser constitutes a reasonable and sound exercise of the Debtor's business judgment and should be approved.

Y.    The consummation of the Sale is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), and 363, and all of the applicable requirements of such sections have been complied with in respect of the transaction.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

**General Provisions**

1.      The relief requested in the Motion is granted and approved, and the Sale contemplated thereby is approved as set forth in this Order.

2.      This Court's findings of fact and conclusions of law, set forth in the Bidding Procedures Order, are incorporated herein by reference.

3.      The Debtor's actions in implementing the Bidding Procedures are approved and ratified in all respects.

4.      Any objections to the entry of this Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived, or settled, or not otherwise resolved pursuant to the terms hereof, if any, are hereby denied and overruled on the merits with prejudice. No appeal, motion to reconsider, or similar pleading has been filed with respect to the Bidding Procedures Order, and the Bidding Procedures Order is a final order of the Bankruptcy Court, has not been vacated, withdrawn, rescinded, or amended, and remains in full force and effect.

**Approval of the Final APA**

5.      The Final APA and all of the terms and conditions thereof, are hereby approved.

6.      Pursuant to section 363(b) of the Bankruptcy Code, the Debtor is authorized and empowered to take any and all actions necessary or appropriate to (i) consummate the Sale of the Assets to the Purchaser pursuant to and in accordance with the terms and conditions of the Final APA, (ii) close the Sale as contemplated in the Final

APA and this Order, and (iii) execute and deliver, perform under, consummate, implement and close fully the Final APA, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Final APA and the Sale.

7.      This Order shall be binding in all respects upon the Debtor, its estate, all holders of equity interests in the Debtor, all holders of any Claim(s) (whether known or unknown) against either Debtor, any holders of Liens or Claims against or on all or any portion of the Assets, the Purchaser and all successors and assigns of the Purchaser, the Assets, and any trustees subsequently appointed in the Debtor's chapter 11 case or upon a conversion to chapter 7 under the Bankruptcy Code.  This Order and the Final APA shall inure to the benefit of the Debtor, its estate, its creditors, the Purchaser, and their respective successors and assigns.

**Transfer of the Assets**

8.      Pursuant to sections 105(a), 363(b) and 363(f) of the Bankruptcy Code, the Debtor is authorized to transfer the Assets on the Closing Date.  The Assets shall be transferred to the Purchaser upon and as of the Closing Date and such transfer shall constitute a legal, valid, binding and effective transfer of the Assets and, upon the Debtor's receipt of the Purchase Price, shall be free and clear of all Liens, claims and encumbrances, including, without limitation, all "claims" within the meaning of sections 101(5), 102(2) and 105 of the Bankruptcy Code, and all interests, encumbrances, rights of setoff, recoupment, _(not asserted prepetition)_ netting and deductions ("Claims").  Upon the Closing, pursuant to section 363(f) of the Bankruptcy Code, the transfer of title to the Assets shall be free and clear of (a) any and all Liens; (b) any and all liabilities, and (c) any and all Claims

including, without limitation, any and all claims pursuant to any successor or successor in interest liability theory.  Except other otherwise agreed, all Liens and/or Claims shall attach solely to the proceeds of the Sale with the same validity, priority, force and effect that they now have as against the Assets, subject to any claims and defenses the Debtor and its estate may possess with respect thereto.

9.    All persons and entities holding Liens, Claims or interests in all or any portion of the Assets arising under or out of, in connection with, or in any way relating to the Debtor, the Assets, or the transfer of the Assets to the Purchaser, hereby are forever barred, estopped and permanently enjoined from asserting against the Purchaser or its successors or assigns, their property or the Assets, such persons' or entities' Liens or Claims in and to the Assets.  On the Closing Date, each creditor is authorized and directed to execute such documents and take all other actions as may be deemed by the Purchaser to be necessary or desirable to release Liens or Claims on the Assets, if any, as provided for herein, as such Liens or Claims may have been recorded or may otherwise exist.

10.    To the fullest extent permitted by applicable law, neither the Purchaser nor its affiliates, successors or assigns shall, as a result of the consummation of the Sale: (i) be a successor to the Debtor or the Debtor's estates; (ii) have, de facto or otherwise, merged or consolidated with or into the Debtor or the Debtor's estate; or (iii) be a continuation or substantial continuation of the Debtor or any enterprise of the Debtor. The Purchaser shall not assume, nor be deemed to assume, or in any way be responsible for any liability or obligation of the Debtor and/or its estate.

11.    A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any of the Liens, Claims and other encumbrances of record.  This Order is and shall be effective as a determination that, upon closing, all liens. Claims and encumbrances existing as to the Assets which has been conveyed to the Purchaser are adjudged and declared to be unconditionally released, discharged, and terminated.

12.    If any person or entity which has filed statements or other documents or agreements evidencing Liens on, Claims or interests in, all or any portion of the Assets shall not have delivered to the Debtor prior to the Closing Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary or desirable to the Purchaser for the purpose of documenting the release of all Liens or Claims, which the person or entity has or may assert with respect to all or any portion of the Assets, the Debtor hereby is authorized and directed, and the Purchaser hereby is authorized, to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Assets.

13.    With respect to the Sale, this Order is and shall be sole and sufficient evidence of the transfer of title to the Purchaser, and the Sale shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or

otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the Sale contemplated hereby.

14.     The provisions of this Order authorizing the sale of the Assets free and clear of Liens shall be self-executing, and neither the Debtor nor the Purchaser shall be required to execute or file releases, termination statements, assignments, consents, or other instruments to effectuate, consummate and implement the provisions of this Order; provided, however, that the Debtor and the Purchaser, and each of their respective officers, employees and agents are authorized and empowered to take all actions and execute and deliver any and all documents and instruments that either the Debtors or the Purchaser deem necessary or appropriate to implement and effectuate the terms of the Final APA and this Order.

**Other Provisions**

15.     Effective upon the Closing Date and except as otherwise provided by stipulations filed with or announced to the Court with respect to a specific matter, all persons and entities are forever prohibited and permanently enjoined from commencing or continuing in any manner any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral or other proceeding against the Purchaser, its successors and assigns, or the Assets, with respect to any (a) Lien or Claim arising under, out of, in connection with or in any way relating to the Debtor, the Purchaser, or the Assets prior to the Closing of the Sale, or (b) successor liability, including, without

limitation, the following actions: (i) commencing or continuing in any manner any action

or other proceeding against the Purchaser, its successors or assigns, assets or properties;

(ii) enforcing, attaching, collecting or recovering in any manner any judgment, award,

decree or order against the Purchaser, its successors, assets or properties; (iii) creating,

perfecting or enforcing any Lien or Claim against the Purchaser, its successors or assigns,

assets or properties; (iv) asserting any setoff, *(not asserted prepetition)* right of subrogation ~~or recoupment~~ of any

kind against any obligation due the Purchaser or its successors or assigns; or (v)

commencing or continuing any action, in any manner or place, that does not comply or is

inconsistent with the provisions of this order or other orders of the Court, or the

agreements or actions contemplated or taken in respect thereof.

      16.    Except as expressly set forth in the Final APA, the Purchaser shall not

have any liability or other obligation of the Debtor arising under or related to the Assets.

Without limiting the generality of the foregoing, the Purchaser shall not be liable for any

claims against the Debtor or any of its predecessors or affiliates, and the Purchaser shall

have no successor or vicarious liabilities of any kind or character, whether known or

unknown as of the Closing Date, now existing or hereafter arising, whether fixed or

contingent, with respect to the Debtor or any obligations of the Debtor arising prior to the

Closing Date, including, but not limited to, liabilities on account of any taxes arising,

accruing or payable under, out of, in connection with, or in any way relating to the Assets

prior to the Closing Date.  The Purchaser has given substantial consideration under the

Final APA for the benefit of the holders of any Liens or Claims.  The consideration given

by the Purchaser shall constitute valid and valuable consideration for the releases of any

potential claims of successor liability of the Purchaser, which releases shall be deemed to

have been given in favor of the Purchaser by all holders of Liens or Claims against or interest in the Debtor or the Assets.

17. The transactions contemplated by the Final APA are undertaken by the Purchaser without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale, unless such authorization and such Sale are duly stayed pending such appeal. The Purchaser is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code.

18. Notwithstanding the provisions of Bankruptcy Rule 6004(h) or any applicable provisions of the Local Rules, this Order shall not be stayed for fourteen (14) days after the entry hereof, but shall be effective and enforceable immediately upon entry, and the fourteen (14) day stay provided in such rules is hereby expressly waived and shall not apply. Time is of the essence in approving the Sale, and the Debtor and the Purchaser intend to and are authorized to close the Sale as soon as practicable.

19. This Order and the Final APA shall be binding in all respects upon all creditors of the Debtor, all successors and assigns of the Debtor and their affiliates and subsidiaries, and any trustees, examiners, "responsible persons," or other fiduciaries appointed in the Debtor's bankruptcy case or upon a conversion to chapter 7 under the Bankruptcy Code, and the Final APA shall not be subject to reject or avoidance under any circumstances.

20.    The Final APA and any related agreements, documents, or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by the parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtor's estate.

21.    The failure specifically to include any particular provision of the Final APA in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Final APA be authorized and approved in its entirety.

22.    The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Final APA, all amendments thereto and any waivers and consents thereunder, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale.

23.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

24.    To the extent that this Order is inconsistent with any prior Order or pleading with respect to the Motion in this chapter 11 case, the terms of this Order shall govern.

Dated: September 25 , 2014

The Honorable Mary F. Walrath
United States Bankruptcy Judge